IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES McCONICO, JR., )<br># 117395, )<br>)<br>    Petitioner, )<br>)<br>v )<br>)<br>ALABAMA BOARD OF PARDONS )<br>AND PAROLES, *et al.*, )<br>)<br>    Respondents. ) | Civil Action No.2:08cv415-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Before the court is a petition for habeas corpus relief under 28 U.S.C. § 2241, filed on May 27, 2008, by Alabama inmate James McConico, Jr. ("McConico"). McConico contends that the Alabama Board of Pardons and Paroles ("the Board") relied on false information in resetting his parole consideration date from November 2000 to September 2008. Specifically, he asserts that the Board improperly relied on a 1999 murder conviction to deny him consideration for release on parole in 2000 because, he says, the indictment in the murder case was dismissed.

On January 9, 1996, McConico was convicted in the Circuit Court of Conecuh County, Alabama, for trafficking in cocaine and was sentenced to life in prison. On June 21, 1996, the Board notified McConico that his parole consideration was scheduled for November 2000. On June 4, 1999, McConico was also convicted of murder and was

sentenced to life imprisonment by the Circuit Court of Jefferson County, Alabama. After being notified of McConico's murder conviction, the Board cancelled the scheduled November 2000 parole consideration and advised McConico that his parole review had been reset for September 2008.

## II. DISCUSSION

McConico asserts that the Board's decision to delay his parole consideration was based on false and erroneous information. He argues that the Board should not have considered his murder conviction because the trial court dismissed the indictment in that case on September 10, 1998. The Board denies considering any false information and maintains that it did not knowingly rely on false information in its decision to reschedule McConico's parole review.

A review of this court's records reveals that McConico has filed two previous habeas petitions challenging the Board's consideration of his 1999 murder conviction in the parole review process. *See McConico v. Mitchem, et al.*, Civil Action No. 2:01cv29-WHA (M.D. Ala. 2002), and *McConico v. Alabama Board of Pardons and Paroles, et al.*, Civil Action No. 2:04cv932-MHT (M.D. Ala. 2004). In the initial habeas action, which was brought under 28 U.S.C. § 2221, the claims raised in the petition were decided by this court adversely to McConico.[1] McConico's appeal of this court's determination was dismissed by the

---

[1] Indeed, this court expressly rejected McConico's false-information claim and, in so doing, noted that "[t]he evidentiary materials submitted by [McConico] directly refute his contention that the indictment for murder was dismissed. The Jefferson County Circuit Court's case action

2

Eleventh Circuit Court of Appeals on October 24, 2002. *Id*. at Doc. No. 65.

McConico filed a second habeas petition on October 4, 2004, this time under the rubric of 28 U.S.C. § 2254, challenging the Board's actions on the same grounds presented in his initial habeas petition. *See McConico v. Alabama Board of Pardons and Paroles, et al.*, Civil Action No. 2:04cv932-MHT (M.D. Ala. 2004) - Doc. No. 1. This court, however, found the petition to be a successive application for habeas corpus relief filed without preauthorization from the Eleventh Circuit Court of Appeals and, consequently, dismissed the petition based on the court's lack of jurisdiction to consider such a successive petition. *See id*. at Doc. Nos. 9, 15 & 16. McConico appealed this ruling, and on April 7, 2005, the Eleventh Circuit dismissed his appeal.. *Id*. at Doc. No. 21.

McConico is here again, with another petition for habeas relief, raising the same claim raised in his previous two habeas applications. As McConico should by now know, pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to

---

summary demonstrates that the petitioner's motion to dismiss the indictment was denied and that he was convicted of murder on June 4, 1999." *See McConico v. Mitchem, et al.*, Civil Action No. 2:01cv29-WHA (M.D. Ala. 2002) - *Recommendation of the Magistrate Judge* at 2 n.1 (Doc. No. 53), adopted as judgment of the court by order of July 9, 2002 (Doc. No. 57). In its answer filed in the instant case, the Board states that the murder charge was initially filed against McConico in 1994 and was dismissed that same year, but that McConico was later re-indicted for the same offense and was convicted in 1999. (Doc. No. 11 at 5-6.)

consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the instant pleadings that McConico has again failed to receive the requisite order from the Eleventh Circuit authorizing this court to consider a successive application for habeas relief.  Because his current undertaking is a successive habeas corpus petition and because McConico has no permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief.  *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed.  *Id*. at 934.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The instant petition for habeas corpus relief filed by McConico be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as McConico has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before July 28, 2008, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of July, 2008.

                                            /s/Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE